**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MEREDITH SUMMER,

           Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,
NIKOLAI VITTI, and
ADRIANA RENDON, Individually
and in their official capacities,

           Defendants.

Wayne County Circuit Court
Case No. 21-015210-CD
Hon. David J. Allen

U.S.D.C. Case. No.
Hon:

| | |
|---|---|
| **Law Offices of Dewey Rick Martin**<br>**D. RICK MARTIN (P42484)**<br>Attorney for Plaintiff<br>13900 Woodward Avenue<br>Highland Park, MI. 48203<br>drickmartin@glottaassociates.com | **DETROIT PUBLIC SCHOOLS**<br>**COMMUNITY DISTRCT**<br>**OFFICE OF THE GENERAL COUNSEL**<br>Theophilus E. Clemons (P47991)<br>theophilus.clemons@detroitk12.org<br>Jenice C. Mitchell Ford (P61511)<br>jenicemitchellford@detroitk12.org<br>3011 West Grand Blvd., Ste. 1002<br>Detroit, Michigan 48202<br>(313) 873-4527 (Telephone)<br>(313) 873-4564 (Facsimile)<br>Counsel for Defendant Detroit<br>Public Schools Community District,<br>Nikolai Vitti and<br>Adriana Rendon |

**<u>DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION</u>**

PLEASE TAKE NOTICE that Defendant Detroit Public Schools Community District (DPSCD), Nikolai Vitti and Adriana Rendon by their undersigned counsel, hereby remove this action entitled, Meredith Summer vs. Detroit Public Schools Community District, Nikolai Vitti, Individually and in his Official Capacity, and Adriana Rendon, Individually and in Her Official Capacity, to the United States District Court for the Eastern District of Michigan, Southern Division, and in support thereof files this notice of removal based on the following reasons:

1. On November 2, 2021, Plaintiff commenced an action against Defendants, entitled,  Meredith Summer vs. Detroit Public Schools Community District, Nikolai Vitti, Individually and in His Official Capacity, and Adriana Rendon, Individually and in Her Official Capacity in the Wayne County Circuit Court, Case No. 21-015210-CD, assigned to Judge David J. Allen..

2. All three Defendants were served on December 2, 2021, with the attached Summonses, Complaint and Jury Demand. (Exhibit A).  The Wayne County Circuit Court Register of Actions is attached hereto. (Exhibit B).

3. This Notice of Removal is being filed within 30 days after the receipt by Defendants of Plaintiff's Complaint as required by 28 U.S.C. §1446(b) and is timely.

4. This Court has jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. §1331.

5. Removal is based on both 28 U.S.C. 1441(a) and 28 U.S.C. 1441(c)(1)(2). Against Defendant DPSCD Plaintiff alleges "Count I- 42 U.S.C. § 1983 Claim Against DPSCD For Reckless Indifference to Plaintiff's Clearly Established Constitutional Right to Freedom of Speech."  Against the individual Defendants Plaintiff alleges ""Count II- 42 U.S.C. 1983 Claim Against Individual Defendants for Violation of Plaintiff's First Amendment Rights." Accordingly, this is a claim over which this Court has original jurisdiction.

6. For the state law claims Plaintiff alleges: "Count III-Religious Discrimination in Violation of the Elliott-Larsen Civil Rights Act (Disparate Treatment and Intentional Discrimination).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

7. Venue is proper pursuant to 28 U.S.C. §1391 because Wayne County, Michigan, is contained within the Eastern District of Michigan, Southern Division.

8. All the prerequisites have been met for this civil action to be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a), and 28 U.S.C. 1441(c)(1)(2).

9. Defendants will give written notice of the filing of this notice of removal to all adverse parties, and will file a copy of this notice of removal with the Circuit Court for the County of Wayne, as required by 28 U.S.C. §1446(d).

10. Defendants file this notice of removal and removes this action to the United States District Court for the Eastern District of Michigan. Plaintiff is notified to proceed no further in state court unless or until the case is remanded by order of said United States District Court.

11. All Defendants join in, and consent to removal of this case to this Court.

Respectfully submitted,

/s/Theophilus E. Clemons
Theophilus E. Clemons (P47991)
Counsel for Defendants Detroit Public
Schools Community District,
Nikolai Vitti and Adriana Rendon
3011 West Grand Boulevard, Suite 1002
Detroit, Michigan 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 16, 2021, the following documents were served on Plaintiff's counsel via the *Mi*File electronic filing system in the Wayne County Circuit Court: 1) DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION with Exhibits 1 AND 2, and 2) Civil Cover Sheet and 3) this CERTIFICATE OF SERVICE.

<u>/s/Theophilus E. Clemons</u>
Theophilus E. Clemons (P47991)
Counsel for Defendants Detroit Public
Schools Community District,
Nikolai Vitti and Adriana Rendon
3011 West Grand Boulevard, Suite 1002
Detroit, Michigan 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

Exhibit A

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
|---|---|
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 21-015210-CD Hon.David J. Allen |
|---|---|---|

Court address: 2 Woodward Ave., Detroit MI 48226 — Court telephone no.: 313-224-0250

| Plaintiff's name(s), address(es), and telephone no(s) SUMMER, MEREDITH | v | Defendant's name(s), address(es), and telephone no(s). Detroit Public School Community District |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Dewey R. Martin 42484
13900 Woodward Ave
Highland Park, MI 48203-3627

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____   **RECEIVED**

The action ☐ remains ☐ is no longer pending.

DEC 2 2021

Summons section completed by court clerk.   | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/2/2021 | Expiration date* 2/1/2022 | Court clerk Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (9/19)**   **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



*Served all 3 D's on 12/02/21*   *Rec'd 12/9/21 from Donna*

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-015210-CD<br>Hon.David J. Allen |
|---|---|---|

Court address: 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-0250

| Plaintiff's name(s), address(es), and telephone no(s)<br>SUMMER, MEREDITH | v | Defendant's name(s), address(es), and telephone no(s).<br>VITTI, NIKOLAI |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Dewey R. Martin 42484<br>13900 Woodward Ave<br>Highland Park, MI 48203-3627 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

**RECEIVED**

DEC 2 2021

*hand delivered*

Summons section completed by court clerk.     | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/2/2021 | Expiration date*<br>2/1/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. : 21-015210-CD |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-015210-CD<br>Hon.David J. Allen |
|---|---|---|

Court address: 2 Woodward Ave., Detroit MI 48226          Court telephone no.: 313-224-0250

| Plaintiff's name(s), address(es), and telephone no(s)<br>SUMMER, MEREDITH | v | Defendant's name(s), address(es), and telephone no(s).<br>RENDON, ARIANA |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br><br>Dewey R. Martin 42484<br>13900 Woodward Ave<br>Highland Park, MI 48203-3627 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

RECEIVED

DEC 2 2021

Summons section completed by court clerk.     | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/2/2021 | Expiration date*<br>2/1/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS<br>Case No. : 21-015210-CD |
|---|

+

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MEREDITH SUMMER

Plaintiff,

Case No.          CD

vs.

HON.

DETROIT PUBLIC SCHOOLS
COMMUNITY    DISTRICT,    NIKOLAI,
VITTI, individually and in his official
capacity,    and    ADRIANA    RENDON,
individually and in her official capacity

Defendants.

| | |
|---|---|
| **Law Offices of Dewey Rick Martin**<br>**By: D. RICK MARTIN (P42484)**<br>13900 Woodward Avenue<br>Highland Park, MI 48203<br>(313) 963-1320<br>Attorney for Plaintiff<br>drickmartin@glottaassociates.com | **RECEIVED**<br><br>DEC 1 2 2021<br><br>hand delivered |

**COMPLAINT**

There is no pending or resolved civil action
between the parties arising out of the same
transaction or occurrence as alleged in this
Complaint.

NOW COME the Plaintiff, MEREDITH SUMMER, by and through her attorney Dewey

Rick Martin, and for Plaintiff's Complaint against Defendants, hereby state unto this Honorable

Court as follows:

**JURISDICTION AND THE PARTIES**

1. Plaintiff, at all material times herein was a resident of the City of Oak Park, MI and was, at

all material times herein employed by Defendant Detroit Public Schools Community District

1

21-015210-CD FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    11/2/2021 11:02 PM    Laverne Chapman

as an elementary school teacher at Neinas Dual Language Learning Academy located in the City of Detroit, County of Wayne and State of Michigan.

2. That, at all material times herein, Defendant Detroit Public Schools Community District ("DPSCD") was a corporation headquartered in the City of Detroit, and individual Defendants, Nikolai Vitti and Adriana Rendon, were at all material times herein employed by Defendant DPSCD in the following capacity: Defendant Vitti, as DPSCD Superintendent, and Defendant Rendon as Principal of Neinas Dual Language Learning Academy, and are being sued individually and in their official capacities.

3. Plaintiff, Meredith Summer brings this action pursuant to Michigan Elliot Larsen Civil Rights Act, (ELCRA) MCL 37.2101 *et seq.,* for discriminating and retaliating against Plaintiff because of her Jewish faith and religion.

4. Plaintiff also brings this action against Defendants pursuant to 42 U.S.C. Sec. 1983 for Defendants' violations of Plaintiff's clearly established right to Freedom of Speech and Religion guaranteed by the U.S. Constitution. This deprivation under color of state law is actionable and may be redressed for damages by 42 U.S.C. Sec. 1983.

5. That, at all material times herein, Defendants conducted business in the City of Detroit, and resided in the State of Michigan.

6. That this Court has jurisdiction over the Twenty Five Thousand ($25,000.00) in damages in controversy, and has concurrent jurisdiction over Plaintiff's 1st Amendment rights to Freedom of Speech and Religion.

## COMMON FACTUAL ALLEGATIONS

7. That on or around June 25, 2018 Plaintiff, Meredith Summer a teacher for over 20 years accepted an offer of employment as an elementary school teacher at Neinas Dual Language Learning Academy.

8. That Defendants' discriminatory treatment of Plaintiff began in September 2018 as she was the only Neinas teacher assigned by Defendant Rendon to an oversized classroom, in direct violation of the Detroit Federation of Teacher's (DFT) collective bargaining agreement. Specifically, Plaintiff was assigned a class containing 36 or more students, while all similarly situated non-Jewish teachers were assigned classrooms of no more than 18 students.

9. That Defendants retaliated against Plaintiff's complaint of unfairness by (1) refusing to allow Plaintiff to participate in the meeting determining the manner in which the oversized class would be reduced to ensure fairness; and (2) unfairly assigning all of the students with behavioral and learning challenges to Plaintiff.

10. That Defendant Rendon also discriminated and retaliated against Plaintiff by placing an "excessive absence" warning letter in Plaintiff's personnel file for observing Jewish High Holy Days, while not treating non Jewish teachers in a similar manner for the same or similar conduct.

11. That in October 2019, one of Plaintiff's 6th grade students with serious learning and behavioral challenges violently and physically attacked Plaintiff in the classroom. Plaintiff was attacked because she removed from the student's notebook a homophobic note referencing another student which the attacker was showing her laughing classmates.

12. Defendants condoned and ratified the student's violent physical attack upon Plaintiff by (1) failing to expel Plaintiff's attacker; (2) returning Plaintiff's violent attacker to Plaintiff's

-3-

classroom; and (3) taking disciplinary against Plaintiff, despite the fact that she never laid a hand on the student. Plaintiff's attacker even boasted to friends on social media that the school "principal" told her that she "did nothing wrong."

13. That Plaintiff informed fellow DFT union members about being violently and physically attacked by one of her 6th grade students on the DFT's "private/members only" Facebook page. Plaintiff also expressed her disappointment and concern that, neither, the school's principal, Defendant Rendon nor the assistant principal ever asked Plaintiff "what happened" or to see if she was "okay." Nothing Plaintiff stated in her DFT post was false.

14. That in direct retaliation against Plaintiff for speaking out as a private citizen on DFT's members only Facebook page on matters of public interests, Defendants unleashed a campaign of discriminatory and retaliatory acts against Plaintiff that were carefully crafted and designed to cause Plaintiff to quit her teaching profession, or justify her termination.

15. Defendants' retaliatory acts included, but are not limited to: (1) unjustified "poor" and unsatisfactory performance evaluations; (2) unjust disciplinary actions based on contrived, baseless and discriminatory accusations of misconduct; and (3) conducting a "sham" investigation of Plaintiff's complaints against Defendant Rendon.

16. That Defendants' unrelenting retaliatory acts forced Plaintiff to quit her teaching job at Neinas for the sake of her physical and emotional health and wellbeing.

17. That as a further act of discrimination and retaliation Defendants Viti and Rendon recommended that Plaintiff be terminated to prevent Plaintiff from being able to continue her teaching career at another school in the district.

18. Defendants' termination letter to the DPSCD school board was based upon contrived, baseless, unsupported, unsubstantiated and accusations of misconduct and blatant lies.

19. That prior to Defendants' discriminatory and retaliatory conduct, Plaintiff had received "effective and highly effective" performance evaluations as a teacher.

20. That, after 30 parents and students passionately and strongly protested Defendants' attempt to terminate Plaintiff, Defendant changed its termination letter to an unjustified and unwarranted 14 day disciplinary suspension without pay, which Defendant DPSCD approved. Defendants' suspension letter also contained an unjustified and unwarranted threat of "criminal prosecution" against Plaintiff.

21. Defendants' retaliation of Plaintiff continued even after Plaintiff was forced to transfer to another school by sending Plaintiff's new principal an unsolicited copy of, not only, the 14 day suspension letter threatening Plaintiff with "criminal prosecution," but all of the fraudulent and baseless documents used by Defendants to justify their recommendation that Plaintiff be terminated for misconduct.

22. That, despite Defendants' carefully panned and orchestrated attempt to sabotage Plaintiff's teaching position at the new school, Plaintiff has received glowing performance evaluations, including, being given the "highest" rating in several teaching categories.

## COUNT I-42 U.S.C. 1983 CLAIM AGAINST DEFENDANT DPSCD FOR RECKLESS INDIFFERENCE TO PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUIONAL RIGHT TO FREEDOM OF SPEECH

23. That Plaintiffs repeat and re-allege every allegation, word for word, contained in paragraphs 1 through 22, as though fully set forth herein.

24. That Defendant DPSCD'S official and unofficial policies and customs encouraged, caused, allowed, condoned, ratified and enabled Defendants Vitti, and Rendon to violate Plaintiff's constitutional right to freedom of speech without fear of discipline for those violations.

-5-

25. That the named individual Defendants were not disciplined for their violations of Plaintiff's constitutional rights, and therefore, Defendant has implicitly approved, ratified, or adopted the individual Defendants' unconstitutional actions.

26. There is an obvious need for DPSCD to train all of its employees on First Amendment rights. Defendant, therefore, has demonstrated a policy of deliberate indifference to such civil rights violations.

27. That DPSCD's callous, reckless, wanton, bad faith and malicious actions were under color of law, for which Plaintiff has and will continue to suffer damages.

28. That these deprivations under color of law are actionable and may be redressed by 42 U.S.C. Sec. 1983.

29. That as a direct and proximate result of Defendant's violations of Plaintiff's constitutional rights, Plaintiff has suffered and continues to suffer economic and non-economic damages in the form of emotional distress, embarrassment, mental anguish, and humiliation.

WHEREFORE, Plaintiff respectfully prays unto this Honorable Court, for judgment against Defendant for economic, exemplary, compensatory, non-economic and punitive damages and whatever other legal and equitable relief this Honorable Court deems just.

## COUNT II-42 U.S.C. 1983 CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

30. That Plaintiffs repeat and re-allege every allegation, word for word, contained in paragraphs 1 through 29, as though fully set forth herein.

31. That Defendants Vitti, and Rendon violated Plaintiff's clearly established First Amendment right to freedom of speech by subjecting Plaintiff to a campaign of unjust disciplinary actions, and harassment, recommendations of an unjust termination, that was subsequently reduced to an unjust 14 day unpaid suspension in retaliation for Plaintiff exercising her right

to freedom of speech on matters of public concern on Plaintiff's private DFT union members only Facebook page.

32. That Defendants' callous, reckless, wanton, bad faith and malicious actions were under color of law, for which Plaintiff has and will continue to suffer damages.

33. That these deprivations under color of law are actionable and may be redressed by 42 U.S.C. Sec. 1983.

34. That as a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered and continues to suffer economic and non-economic damages in the form of emotional distress, embarrassment, mental anguish, and humiliation.

WHEREFORE, Plaintiff respectfully prays unto this Honorable Court, for judgment against Defendant for economic, exemplary, compensatory, non-economic and punitive damages and whatever other legal and equitable relief this Honorable Court deems just.

## COUNT III–RELIGIOUS DISCRIMINATION IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT (Disparate Treatment and Intentional Discrimination)

35. That Plaintiffs repeat and re-allege every allegation, word for word, contained in paragraphs 1 through 34, as though fully set forth herein.

36. That as an Jewish employee, Plaintiff is entitled to protection under the Elliott Larsen Civil Rights Act to be free from discrimination on account of Plaintiff's religion and Jewish stereotype in Plaintiff's employment.

37. That Defendants discriminated against Plaintiff by treating Plaintiff differently and less favorably than similarly situated non-Jewish teachers, and being Jewish was a significant factor in Defendants' adverse decisions, which included; (1) assigning Plaintiff, the only Jewish teacher to an oversize class in excess of 36 students, while similarly situated non-

Jewish teachers were assigned classroom with no more than 18 students; (2) penalizing Plaintiff for exercising her right to observe the Jewish High Holy Days, while similarly situated non-Jewish teachers were not penalized for absence in observance of Christian holidays; (3) refusing to allow Plaintiff to participate with in Defendant Rendon's meeting with non-Jewish teachers to ensure fairness in the distribution of students with learning and behavioral challenges;  (4) assigning all of the students with the most serious learning and behavioral challenges to Plaintiff; (5) disciplining Plaintiff, but not, disciplining non-Jewish teachers for the same or similar conduct, resulting in Plaintiff being receiving unjustified poor and unsatisfactory evaluations; (6)  falsely accusing Plaintiff of acts of misconduct because of Plaintiff's Jewish faith; and (7) disciplining Plaintiff for private speech as a private citizen on her private DFT members only Facebook page, while  not similarly disciplining non-Jewish teachers for similar conduct.

38. That, Defendants intentionally discriminated against Plaintiff, were predisposed to discriminate against Jewish teachers, and acted upon that predisposition in Defendants' discriminatory treatment of Plaintiff.

39. That as a direct and proximate result of Defendants' conduct, Plaintiff has lost wages and future earnings, fringe benefits and other economic advantages incident of employment; and further, Plaintiff has and will continue to suffer mental anguish, depression, mental distress, anxiety, public humiliation, embarrassment, and outrage over the manner in which Plaintiff has been treated which includes the loss of the enjoyment of ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully prays unto this Honorable Court, for judgment against Defendant for economic, exemplary, compensatory, non-economic and punitive damages and whatever other legal and equitable relief this Honorable Court deems just.

-8-

Respectfully Submitted:

By: /S/D. RICK MARTIN
      D. Rick Martin (P42484)
      13900 Woodward, Avenue
      Highland Park, MI 48203
      (313) 963-1320
      Attorney for Plaintiff

21-015210-CD FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    11/2/2021 11:02 PM    Laverne Chapman

+

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MEREDITH SUMMER

Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS
COMMUNITY    DISTRICT,    NIKOLAI,
VITTI, individually and in his official
capacity,    and    ADRIANA    RENDON,
individually and in her official capacity

Defendants.

Case No.                CD

HON.

---

**Law Offices of Dewey Rick Martin**
By: D. RICK MARTIN (P42484)
13900 Woodward Avenue
Highland Park, MI 48203
(313) 963-1320
Attorney for Plaintiff
drickmartin@glottaassociates.com

---

## JURY DEMAND

NOW COME the Plaintiff, MEREDITH SUMMER, by and through her attorney Dewey Rick Martin, and for Plaintiff's Complaint against Defendants, hereby demands a trial by jury in the above entitled action.

Respectfully Submitted:

By: /S/D. RICK MARTIN
    D. Rick Martin (P42484)
    13900 Woodward, Avenue
    Highland Park, MI 48203
    (313) 963-1320
    Attorney for Plaintiff

1

Exhibit B

# REGISTER OF ACTIONS
## CASE NO. 21-015210-CD

---

| PARTY INFORMATION | |
|---|---|
| | **Attorneys** |
| **Defendant**  **Detroit Public School Community District** | |
| **Defendant**  **RENDON, ARIANA** | |
| **Defendant**  **VITTI, NIKOLAI** | |
| **Plaintiff**  **SUMMER, MEREDITH** | Dewey R. Martin<br>*Retained*<br>(313) 963-1321(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/02/2021 | **Complaint, Filed** |
| 11/02/2021 | **Service Review Scheduled** |
| 11/02/2021 | **Status Conference Scheduled** |
| 11/02/2021 | **Jury Demand Filed & Fee Paid** |
| 11/02/2021 | **Case Filing Fee - Paid** |
| 02/02/2022 | **Status Conference**  (8:00 AM) (Judicial Officer, Allen, David J.) |

---

### FINANCIAL INFORMATION

**Plaintiff** SUMMER, MEREDITH
Total Financial Assessment    260.00
Total Payments and Credits    260.00
**Balance Due as of 12/16/2021**    **0.00**

| | | | | |
|---|---|---|---|---|
| 11/03/2021 | Transaction Assessment | | | 85.00 |
| 11/03/2021 | eFiling | Receipt # 2021-86294 | Dewey Martin | (85.00) |
| 11/03/2021 | Transaction Assessment | | | 175.00 |
| 11/03/2021 | eFiling | Receipt # 2021-86295 | Dewey Martin | (175.00) |