## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MEREDITH SUMMER,

            Plaintiff,                U.S. District Court
                                    Case No. 2:21-cv-12936
                                    Hon. Judge F. Kay Behm

v.                              Hon. Magistrate Judge David R. Grand

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,
NIKOLAI VITTI,  and ADRIANA RENDON,
Individually and in their official capacities,

            Defendants.

| Law Offices of Dewey Rick Martin | DETROIT PUBLIC SCHOOLS |
|---|---|
| D. RICK MARTIN (P42484) | COMMUNITY DISTRCT |
| Attorney for Plaintiff | OFFICE OF THE GENERAL |
| 13900 Woodward Avenue | COUNSEL |
| Highland Park, MI. 48203 | Theophilus E. Clemons (P47991) |
| drickmartin@glottaassociates.com | theophilus.clemons@detroitk12.org |
| | Jenice C. Mitchell Ford (P61511) |
| | jenicemitchellford@detroitk12.org |
| | 3011 West Grand Blvd., Ste. 1002 |
| | Detroit, Michigan 48202 |
| | (313) 873-4527 (Telephone) |
| | (313) 873-4564 (Facsimile) |
| | Counsel for Defendant Detroit |
| | Public Schools Community District, |
| | Nikolai Vitti and Adriana Rendon |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO
## FED. R. CIV. P. 12(c)

NOW COME Defendants, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(c),  hereby move to dismiss the Complaint. Defendants rely on their Brief in Support, the Complaint attached hereto, and the discretion of this Honorable Court.  Concurrence in this motion was denied on June 19, 2023. LR 7.1.

Respectfully submitted,

s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
Detroit Public Schools Community District
Office of the General Counsel
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

June 19, 2023

2

## <u>BRIEF IN SUPPORT</u>

<u>Statement of Issues</u>

I.   Has Plaintiff pleaded a plausible First Amendment freedom
     of speech claim where she fails to plead that each Defendant,
     through his/her own specific conduct violated the Constitution,
     and, her conduct does not address a matter of public concern?

      Defendants say:   No

II.  Are the individual Defendants protected by qualified immunity
     where no plausible freedom of speech claim has been pleaded, and
     even if such a claim was pleaded, the contours of the right were not
     clearly established?

      Defendants say:   No

III. Can Defendant Detroit Public Schools Community District
     (DPSCD) be liable to Plaintiff for a violation of her freedom
     of speech claim if no plausible freedom of speech claim is
     pleaded against the individual Defendants?

      Defendants say:   No

IV.  Should the official capacity claims be dismissed since they
     are duplicative of the claim against DPSCD?

      Defendants say:      Yes

V.   Has Plaintiff pleaded a claim for religious discrimination
     or retaliation under the Elliot-Larsen Civil Rights Act (ELCRA)
     where she fails to name or identify any similarly-situated persons
     who were treated differently for similar conduct?

      Defendants say:      No

## **Most Applicable Legal Authority**

<u>Case Law</u>
*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)

*Brandenburg v. Hous. Auth. Of Irvine*, 253 F.3d 891, 898 (6th Cir. 2001)

**Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013)**

*Connick v. Myers*, 461 U.S. 138, 154 (1983)

*Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)

*Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)

**Monell v. Dep't of Social Servs.,** 436 U.S. 658, 694 (1978)

*Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020)

*Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626-27 (6th Cir. 2013)

*Smith v. Wrigley Manufacturing Co*., LLC, 749 F.App'x 446, 449 (6th Cir. 2018).

*Stiles ex rel. D.S. v. Grainger Cty., Tenn*., 819 F.3d 834, 856 (6th Cir. 2016)

*Town v. Michigan Bell Telephone*, 455 Mich 688, 568 N.W.2d 64, 68 (1997)

<u>Court Rules</u>

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(c)

# FACTUAL ALLEGATIONS

Plaintiff Meredith Summers is a Detroit Public Schools Community District (DPSCD) teacher, who taught at Neinas Elementary School (Neinas).  Defendant DPSCD is a public school district, and municipal corporation.  Defendant Nikolai Vitti (Vitti) is the DPSCD Superintendent.  Defendant Adriana Rendon (Rendon) is the Neinas school principal.  The individual Defendants are being sued in both their official and individual capacities.

Plaintiff designates three counts in her Complaint: 1) Count I - 42 U.S.C. 1983 Claim against Defendant Detroit DPSCD for Reckless Indifference to Plaintiff's Clearly Established Constitutional Right to Freedom of Speech; 2) Count-II - 42 U.S.C. 1983 Claim Against Individual Defendants for Violation of Plaintiff's First Amendment Rights; and 3) Count III-Religious Discrimination in Violation of the Elliott-Larsen Civil Rights Act (Disparate Treatment and Intentional Discrimination).   In the Common Factual Allegations section of the Complaint, Plaintiff alleges the following specific allegations against Defendant Adriana Rendon, and Defendant Nikolai Vitti:

> 7.   That on or around June 25, 2018 Plaintiff, Meredith Summer a teacher for over 20 years accepted an offer of employment as an elementary school teacher at Neinas Dual Language Learning Academy.

3

8. That Defendants' discriminatory treatment of Plaintiff began in September 2018 as she was the only Neinas teacher assigned by _Defendant Rendon_ to an oversized classroom, in direct violation of the Detroit Federation of Teacher's (DFT) collective bargaining agreement. Specifically, Plaintiff was assigned a class containing 36 or more students, while all similarly situated non-Jewish teachers were assigned classrooms of no more than 18 students.

***

10. That _Defendant Rendon_ also discriminated and retaliated against Plaintiff by placing an "excessive absence" warning  letter in Plaintiff's file for observing Jewish High Holy Days, while not treating non-Jewish teachers in a similar manner for the same or similar conduct.

***

13. That Plaintiff informed fellow DFT  union members about being violently and physically attacked  by one  of  her  6th grade students  on  the DFT's "private/members only" Facebook page. Plaintiff also expressed her disappointment and concern that, neither, the school's principal, _Defendant Rendon_ nor the assistant principal ever asked Plaintiff "what happened" or  to see if she was "okay." Nothing Plaintiff stated  in her DFT post was false.

***

17. That as  a further act of discrimination and retaliation _Defendants Vitti and Rendon_ recommended that Plaintiff be terminated to prevent Plaintiff from being able to continue her teaching career at another school in the district. (Emphasis added).

4

Plaintiff does not allege any other conduct engaged in specifically by Defendant Vitti. Rather, all remaining factual allegations are against "Defendants" generically, except for paragraph 13 which sets forth Plaintiff's factual allegations against Defendant Rendon pertaining to her First Amendment Free Speech claim:

13.   That Plaintiff informed fellow DFT union members about being violently and physically attacked by one of her 6th grade students on the DFT's "private/members only" Facebook page. Plaintiff also expressed her disappointment and concern that, neither, the school's principal, _Defendant Rendon_ nor the assistant principal ever asked Plaintiff "what happened" or to see if she was "okay." Nothing Plaintiff stated in her DFT post was false. (Emphasis added).

14.   That in direct retaliation Plaintiff for speaking out as a private citizen on DFT's members only Facebook page on matters of public interests, Defendants unleashed a campaign of discriminatory and retaliatory acts against Plaintiff that were carefully crafted and designed to cause Plaintiff to quit her teaching profession, or justify her termination.

Plaintiff makes no allegations that she made the Facebook post as part of her duties as a teacher. References to other pertinent factual allegations made generically against "Defendants" will be made in the body of the brief below.

## STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P 12(c) is the same as for a motion under Fed. R. Civ. P. 12 (b)(6).  The court

5

must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [it to] relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, in order for a plaintiff's claims to survive, a plaintiff must present "more than a sheer possibility" that an individual infringed his rights. *Iqbal,* at 678. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal* at 678.

Further, unless a plaintiff's complaint can survive a motion to dismiss, "he is not entitled to discovery, cabined or otherwise." *Iqbal* at 686.

## ARGUMENT

I.   **Plaintiff fails to plead a plausible claim of a violation of her free speech under the First Amendment because she fails to plead that each Defendant, through his/her own individual action violated the Constitution, and, her pleaded conduct does not address a matter of public concern.**

6

A. <u>Plaintiff fails to sufficiently plead individual liability.</u>

To establish personal liability under §1983, a plaintiff must show that each defendant charged "caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   A plaintiff  "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995)(personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).   It is insufficient to make generic or blanket allegations pertaining to "defendants" or allegations lumping together individual defendants. *Boxill v. O'Grady*,  935 F.3d 510, 518 6th Cir. 2019). Rather, the 6th Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Here, Plaintiff pleads generic, blanket allegations pertaining to "defendants" or lumps together the individual defendants.  Plaintiff fails to allege with any particularity facts that demonstrate what Defendant Vitti or Defendant Rendon did to violate her right to freedom of speech.  Plaintiff alleges she posted her comments on her union's "private/members only" Facebook page.  Yet, Plaintiff fails to allege

7

which individual Defendant "unleashed" the "campaign" of retaliatory acts, or performed each specific act in response to Plaintiff's private Facebook post.  Failure to allege specific involvement of each individual Defendant mandates dismissal of this claim against them in their individual capacities.

> B. <u>Plaintiff's private Facebook post does not constitute speech that addresses a matter of public concern.</u>

The First Amendment does not "constitutionalize the employee grievance." *Connick v. Myers*, 461 U.S. 138, 154 (1983).  The issue of whether a plaintiff engaged in protected speech is a question of law for the court, and the employee bears the burden of proving his or her actions were constitutionally protected in the particular circumstances.  *Jackson v. Leighton*, 168 F.3d 903, 909 (6th Cir. 1999).

To establish a First Amendment free speech claim,  a public employee must first show that she spoke as a citizen and her speech relates to a matter of public concern, defined as speech "relating to 'any matter of political, social, or other concern to the community.'" *Connick* at 146. Generally, "speech involves matters of public concern when it involves issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." *Id.*  Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement. *Id.* at 147-148.  Bringing to light "potential or actual wrongdoing

8

or a breach of the public trust" are generally matters of public concern.  *Id*. at 148.

However, a public employee's speech does not attain the status of public concern

simply "because its subject matter could, in different circumstances, have been the

topic of a communication to the public that might be of general interest." *Id*. at 148,

n. 8.  The *Connick* Court cautioned that courts should not presume that any matters

occurring in a government office are of a public concern merely because they involve

the government.  *Id*. at 149.  "By contrast, a public employee's speech dealing with

'matters only of personal interest' is generally not afforded constitutional

protection." *Id.* at 147. The Sixth Circuit has explicitly rejected the notion that

"internal personnel disputes or complaints about an employer's performance"

constitute a matter of public concern.  *Brandenburg v. Hous. Auth. Of Irvine*, 253

F.3d 891, 898 (6th Cir. 2001).

Here, no allegations support the conclusion that Plaintiff spoke on Facebook

as an employee; the proper inference is that she spoke as a citizen.  And, Plaintiff's

allegations are insufficient to state a claim, and instead reflect speech that "relates

primarily to a matter of 'limited public interest' and does not 'seek to bring to light

actual or potential wrongdoing or breach of public trust,' centering instead on

matters primarily ... 'of personal interest' to the employee." *Brown v. City of

Trenton*, 867 F.2d 318, 322 (6th Cir. 1989).

Here, Plaintiff's Facebook post as alleged fails to sufficiently allege a public concern.  Plaintiff does not seek to inform the public of any actual or potential wrongdoing by anyone.  Nor does Plaintiff set forth a breach of the public trust, or mismanagement of public resources.  Plaintiff does not comment on a lack of public safety or security in the school in general terms, he  does express the need for increased protection for employees in school.  Instead, her comments are made in the context of her own personal encounter with one student. She complains that she was attacked, then expresses her displeasure with the inadequacy of management's attention to her following that encounter.  The focus of Plaintiff's Facebook post was a personal grievance:  i.e. "Plaintiff also expressed her disappointment and concern that, neither, the school's principal, Defendant Rendon nor the assistant principal ever asked Plaintiff "what happened" or  to see if she was "okay." Moreover, Plaintiff, in her Complaint emphasized in quotation marks the fact that she spoke on her "private/members only" Facebook page.  Stated differently, Plaintiff emphasizes the fact that she complained in a private forum to a private audience (her union members), as opposed to the general public.  This factor supports the inference that Plaintiff's post was not intended to inform the public, but rather, was a private complaint intended only for fellow union members.

10

In *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020), the court affirmed the dismissal under Rule 12(b)(6) of a First Amendment free speech claim.  The court held that the plaintiff Ryan failed to plausibly allege speech that was of a public concern.  The court explained: "Here, Ryan's complaint alleges that he 'challenged Blackwell and university president Eli Capilouto as to why the attempted to fire him.'  Though he does not provide the specific content of his speech, he alleges it was about 'the initiation of proceedings to terminate his tenure and employment.'  Ryan himself explicitly refers to the matter as 'one of the most explosive *internal* issues at the University of Kentucky in years.'  Without more detail that would suggest broader public concerns, Ryan's complaint seems to allege only the type of speech that squarely falls in the realm of an internal employee dispute." *Id*. at 527.  Relying on the *Iqbal* pleading standard, the court concluded "Ryan does not allege facts from which the court could plausibly infer that his speech involved a matter of public concern, and therefore Ryan has failed to state a claim for First Amendment retaliation."  *Id*. at 526.  Furthermore, the Court held that because Ryan failed to allege a violation of a clearly established constitutional right, he was not able to overcome qualified immunity. *Id*. at 523.

Here, as in *Blackwell*, without more detail that would suggest broader public concerns, Plaintiff's complaint  alleges only the type of speech that squarely falls in

11

the realm of an internal employee dispute.   Plaintiff directs her speech internally, to union members only of an incident involving only herself, and the impact solely on herself.  Plaintiff then complains to her fellow union members of her displeasure with how she alone was thereafter treated by their employer.   It is clear from the context of the Facebook post that Plaintiff was not concerned with problems facing the school district.   Rather, the post communicated nothing more than "the quintessential employee beef: management has acted incompetently." *Barnes v. McDowell*, 848 F.2d 725, 735 (6th Cir. 1988).

Accordingly, dismissal with prejudice should be granted.

## II.   Defendants are protected by qualified immunity from the First Amendment free speech claim.

The defense of qualified immunity consists of two elements: (1) the facts alleged must make out the violation of a constitutional right; and (2) the right must have been clearly established at the time of the alleged violation.  *Cunningham v. Shelby Cnty., Tennessee*, 994 F.3d 761, 764 (6th Cir. 2021). The Court may take up the questions in either order.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To avoid dismissal based on qualified immunity "the plaintiff must allege facts that plausibly make out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time such that a reasonable

12

[governmental employee] would have known that his conduct violated that right."
*Cahoo v. SAS Analytics Inc*., 912 F.3d 887, 898-99 (6th Cir. 2019).  The test is
"whether, reading the complaint in the light most favorable to the plaintiff, it is
plausible that an official's acts violated the plaintiff's clearly established
constitutional right." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir.
2016).

Once raised, the plaintiff bears the burden of showing that a defendant is not
entitled to qualified immunity.  *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir.
2006).

Here, Plaintiff has failed to plead facts that sufficiently demonstrate that her
speech constituted a matter of public concern.   Plaintiff  has therefore,  failed to
allege facts that plausibly make out a claim that the Defendants' conduct violated a
constitutional right to free speech that was clearly established.   See *Ryan v.
Blackwell, supra*  (holding that because plaintiff professor failed to allege a violation
of a clearly established constitutional right to free speech, he was not able to
overcome qualified immunity).

Plaintiff cannot meet her burden to show Defendants are not entitled to
qualified immunity.  Accordingly, qualified immunity provides a basis for dismissal
with prejudice of this claim.

**III.   Defendant DPSCD cannot be held vicariously liable to Plaintiff for a violation of her freedom of speech claim.**

A municipality can be liable under Section 1983 only if there is some underlying constitutional violation for which it could be held responsible. *Stiles ex rel. D.S. v. Grainger Cty., Tenn*., 819 F.3d 834, 856 (6th Cir. 2016).   Here, Plaintiff has failed to plead an underlying constitutional violation of the First Amendment.

Additionally, to prevail in a § 1983 suit against a municipality, a plaintiff must allege that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978). "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal civil rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).   Here, Plaintiff has failed to allege a single fact that suggests, plausibly or otherwise, that Vitti's or Rendon's  alleged misconduct was the result of a custom, policy, or practice of DPSCD.  Furthermore, Plaintiff does not allege a single fact related to the training DPSCD provides its

14

employees,  or any prior incidents involving comparable conduct, or anything else that would plausibly suggest that DPSCD maintained a policy or custom that contributed to the alleged deprivations of Plaintiff's constitutional rights.

Accordingly, all claims against DPSCD should be dismissed with prejudice. *See, e.g.*, *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401–02 (6th Cir. 2016).

## IV.   The official capacity claims should be dismissed since they are duplicative of the claim against Defendant DPSCD.

Official-capacity suits represent only another way of pleading an action against an entity of which an employee is an agent. *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55 (1978).  Individuals sued in their official capacities "stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Briner v. City of Ontario*, 370 Fed. Appx. 682, 699 (6th Cir. 2010).  Having sued DPSCD, the governmental entity for which employs the individual Defendants, the suit against them in their official capacities is superfluous.

Accordingly, the official-capacity claims against Defendants Vitti and Rendon should be dismissed with prejudice.

15

**V.   Plaintiff fails to plead a claim for either intentional discrimination or disparate treatment under the Michigan Elliott-Larsen Civil Rights Act.**

In Count III, Plaintiff purports to allege that Defendants discriminated against her based on her religion. (Exh. 1, Complaint, pp. 7-8).   To establish a prima facie case of religious discrimination, Plaintiff must demonstrate that: (i) she is a member of a protected class; (ii) she was subjected to an adverse employment action; (iii) she was qualified for the position; and (iv) she was treated differently than others, similarly situated but outside the protected class. *Town v. Michigan Bell Telephone*, 455 Mich 688, 568 N.W.2d 64, 68 (1997).  Here, however, nowhere in the Common Factual Allegations section, or the body of Count III itself does Plaintiff identify with any degree of specificity the "similarly situated" teachers that Plaintiff alleges Defendants treated differently than Plaintiff for the same or similar conduct.

"The standard that governs Title VII cases and that governs Michigan's Civil Rights Act [cases] are the same." *Young v. CSL Plasma Inc*., No. 15-cv-10080, 2016 WL 1259103, at 2 (E.D. Mich.  March 31, 2016).  Generic recitations of the elements [of a discrimination claim] unenhanced by specific facts" cannot survive a motion to dismiss. *Smith v. Wrigley Manufacturing Co*., LLC, 749  F.App'x 446, 449 (6th Cir. 2018).

16

Here, Plaintiff has generally pleaded her own religion and alleged that, as a result of her religion, Defendants discriminated and retaliated against her.   But Plaintiff "allege[d] no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer how his religion ... factored into" Defendants' actions. *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626-27 (6th Cir. 2013). Plaintiff alleges that she was treated less-favorably than non-Jewish employees…, but she has offered no specifics regarding who those employees were. *Id.*

A number of district courts within the Sixth Circuit, citing *Han*, have similarly dismissed pleadings for lack of adequate factual allegations allowing an inference of discrimination.   See   *Haygood v. Gen. Motors, LLC,* No. 18-10375, 2018 WL 3329574, at 4 (E.D. Mich. July 6, 2018)("The Sixth Circuit [in *Han*] made clear that even at the motion-to-dismiss stage, a plaintiff must provide more than just conclusory statements of discriminatory intent");   *Ayer v. Cmty. Mercy Health Partners,* No. 3:18-cv-00327, 2019 WL 1902520, at 3 (S.D. Ohio April 29, 2019) ("Here, as in *Han*, Ayer's fifth and sixth claims are 'devoid of facts that would allow the Court to draw' the necessary 'reasonable inference that [SRMC] discriminated against [Ayer] with respect to' her age or gender.... Ayer's 'allegations simply lack the factual bases necessary to show entitlement to relief for' age and gender discrimination.   The Amended Complaint 'patently lacks facts that connect the dots

17

between [her] termination and [her] age' or gender"). *See also Downs v. Bel Brands USA, Inc.*, 613 F. App'x 515, 519 (6th. Cir. 2015)(explaining that "[a]lthough a plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss, he must plead 'more than an unadorned the-defendant-unlawfully-harmed-me accusation.' "); *Smith v. Wrigley Manufacturing Co.*, *LLC,* 749 F.App'x 446, 449 (6th Cir. 2018)(wherein the Sixth Circuit held that plaintiff's allegations that she was terminated because of her age and that the defendant's treatment of her was inconsistent with its prior treatment of her and inconsistent with the way it treated other employees, were insufficient to survive a motion to dismiss because plaintiff "offered no names, ages or qualifications of the younger employees who were treated differently, or any examples of how their treatment differed," and "[w]ithout additional facts, the court cannot infer that Wrigley fired Smith because of her age." *Id.* at 448.)

Here, similar to the foregoing cases, Plaintiff fails to allege any names of any other teachers, or grades they taught, or any other facts from which the court could infer that any alleged adverse treatment was because of her religion.

Accordingly, Plaintiff fails to state a claim upon which relief can be granted and this claim should be dismissed with prejudice.

## <u>RELIEF REQUESTED</u>

Defendants respectfully request entry of an order of dismissal with prejudice of all counts against all Defendants.

Respectfully submitted,

<u>s/Theophilus E. Clemons</u>
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
Detroit Public Schools
Office of the General Counsel
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527

June 19, 2023

19

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 19, 2023, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send

notification of such filing to all counsel of record.

<u>s/Theophilus E. Clemons</u>
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
Detroit Public Schools Community District
Office of the General Counsel
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

20