## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MEREDITH SUMMER,

      Plaintiff,

                         U.S. District Court
                         Case No. 2:21-cv-12936
                         Hon: Judge F. Kay Behm

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,
NIKOLAI VITTI,  and ADRIANA RENDON,
Individually and in their official capacities,

      Defendants.

| | |
|---|---|
| Law Offices of Dewey Rick Martin<br>D. RICK MARTIN (P42484)<br>Attorney for Plaintiff<br>13900 Woodward Avenue<br>Highland Park, MI. 48203<br>drickmartin@glottaassociates.com | DETROIT PUBLIC SCHOOLS<br>COMMUNITY DISTRCT<br>OFFICE OF THE GENERAL<br>COUNSEL<br>Theophilus E. Clemons (P47991)<br>theophilus.clemons@detroitk12.org<br>Jenice C. Mitchell Ford (P61511)<br>jenicemitchellford@detroitk12.org<br>3011 West Grand Blvd., Ste. 1002<br>Detroit, Michigan 48202<br>(313) 873-4527 (Telephone)<br>(313) 873-4564 (Facsimile)<br>Counsel for Defendant Detroit<br>Public Schools Community District,<br>Nikolai Vitti and Adriana Rendon |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## PURSUANT TO FED. R. CIV. P. 56(c)

NOW COME Defendants, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 56(c),  hereby move for summary judgment on counts I and  II.  Defendants rely on their Brief in Support, the exhibits attached hereto, and the discretion of this Honorable Court.  Concurrence in this motion was denied on June 19, 2023.  LR 7.1.

Respectfully submitted,

s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
Detroit Public Schools Community District
Office of the General Counsel
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

June 23, 2023

# **BRIEF IN SUPPORT**

## TABLE OF CONTENTS

Page

Statement of Issues Presented…………………………………………….   ii

Table of Authorities……………………………………………………   iii

Statement of Material Facts……………………………………………   1

Law and Argument……………………………………………………..   4

Standard of Review …………………………………………………..   4

Argument………………………………………………………………..   5

   I.    Plaintiff cannot raise a genuine issue of material fact
as to a violation of her free speech under the First
Amendment…………………………………………………...   5

   II.   Defendants are protected by qualified immunity from
the First Amendment free speech claim………………………….   10

   III.  There is no genuine issue of material fact on the First Amendment
free speech claim against DPSCD…………………………………   12

Relief Requested…………………………………………………………...   13

Fact Appendix………..……………………………………………………..   14

<u>Statement of Issues Presented</u>

I.    Is there a genuine issue of material  fact on the First
      Amendment freedom of speech claim where Plaintiff's
      own evidence establishes that Defendants did not even know
      of her Facebook post, and shows Plaintiff has no evidence
      establishing individual liability, and, Plaintiff's own evidence
      establishes that her speech did not address a matter of public
      concern?

           Defendants say:   No


II.   Can Plaintiff establish that the individual Defendants are not
      protected by qualified immunity?

           Defendants say:   No


III.  Is there a genuine issue of material fact on whether Defendant
      Detroit Public Schools Community District (DPSCD) can  be
      found liable to Plaintiff for a violation of her freedom
      of speech claim?

            Defendants say:   No

## Table of Authorities                                          Page No.

Case Law

*Anderson  v. Liberty Lobby*,  477 U.S. 242, 252 (1986). ………………… 5

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009)………… 5

*Barnes v. McDowell*, 848 F.2d 725, 735 (6th Cir. 1988)………………… 10

*Bickerstaff v. Lucarelli*, 830 F.3d 388, 401–02 (6th Cir. 2016)…………… 12

*Brandenburg v. Hous. Auth. Of Irvine*, 253 F.3d 891, 898 (6th Cir. 2001)… 8

*Brown v. City of Trenton*, 867 F.2d 318, 322 (6th Cir. 1989)……………… 9

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)…………………….. 12

*Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 898-99 (6th Cir. 2019)……….. 11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)…………………….. 5

*Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006)…………………… 11

*Connick v. Myers*, 461 U.S. 138, 154 (1983)……………………………….. 6,7

*Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995)……………………. 6

*Cunningham v. Shelby Cnty., Tennessee*, 994 F.3d 761, 764 (6th Cir. 2021)…11

*Getz v. Swoap*, 833 F. 3d 646 (6th Cir. 2016). ……………………………….. 10

*Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558 (6th Cir. 2003)... 5

*Jackson v. Leighton*, 168 F.3d 903, 909 (6th Cir. 1999)……………………... 6

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985)……………………………..5

*Pearson v. Callahan*, 555 U.S. 223, 236 (2009)……………………………... 11

*Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020)……………………… 9, 11

S*tiles ex rel. D.S. v. Grainger Cty., Tenn*., 819 F.3d 834, 856 (6th Cir. 2016).... 12

Court Rule

Fed. R. Civ. P. 56(c)…………………………………………………………….. 4

## STATEMENT OF MATERIAL FACTS

It is undisputed that Plaintiff Meredith Summers is a Detroit Public Schools Community District (DPSCD) teacher, who taught at Neinas Elementary School (Neinas).  Defendant DPSCD is a public school district and Defendant Nikolai Vitti (Vitti) is the DPSCD Superintendent.  Defendant Adriana Rendon (Rendon) is the Neinas school principal.  The individual Defendants are being sued in both their official and individual capacities.   The federal claims are as follows: 1) Count I - 42 U.S.C. 1983 Claim against Defendant Detroit DPSCD for Reckless Indifference to Plaintiff's Clearly Established Constitutional Right to Freedom of Speech;  and 2) Count-II - 42 U.S.C. 1983 Claim Against Individual Defendants for Violation of Plaintiff's First Amendment Rights.

1. Both counts are premised on a Facebook post Plaintiff made.  Plaintiff alleged that in the post she "informed fellow DFT  union members about being violently and physically attacked by one of her 6th grade students on the DFT's private/members only' Facebook page."  This is undisputed.

2. It is also undisputed that Plaintiff pleaded that she "also expressed her disappointment and concern that, neither, the school's principal, Defendant Rendon nor the assistant principal ever asked Plaintiff 'what happened' or  to see if she was 'okay.' Nothing Plaintiff stated  in her DFT post was false."

1

3.     Plaintiff described how the 6th grader "violently attacked" her in her written witness statement: " [student] then followed me to my desk & proceeded to scream, 'did you pay for that? Did you?' *She then hit me on my hand. When I told her to go out into the hall, she was behind me & pulled my hair.*" (Exh. 1, Defendant DPSCD's Third Supplemental Response to Plaintiff's First Request to Admit, Interrogatories and Request to Produce Documents Served Upon Defendant DPSCD, p. 6)(emphasis added).

4.     Describing the incident in her Facebook post Plaintiff wrote: "A 6th grade girl in my class hit me and pulled my hair today because I took a paper away from her that had  inappropriate writing on it.  *First time in 20 years this has ever happened! Not one person in admin came to me to ask me what happened or asked if I was okay. 'Expect respect? (Frown emoji).*'" (Exh. 1, Defendant DPSCD's Third Supplemental Response to Plaintiff's First Request to Admit, Interrogatories and Request to Produce Documents Served Upon Defendant DPSCD,  p .4  (Emphasis added).

5.  In response to a fellow DFT union member telling Plaintiff to "file a police report," Plaintiff responded emphatically that "…*it wasn't a painful hit, I don't want to do that!*" (Exh. 1, Defendant DPSCD's Third Supplemental Response to

2

Plaintiff's First Request to Admit, Interrogatories and Request to Produce Documents Served Upon Defendant DPSCD,  p. 5)(Emphasis added).

6.  Plaintiff later described her view of her Facebook post in a rebuttal as follows:

> "The Facebook post did not state the principal's name, nor did it mention my school's name. *It was posted in a private DFT Union Facebook group, for member's only. Someone took a screenshot of the post and sent it to my principal.*  The CFR report makes it sound like I defamed my principal and school.  I should not have received a warning for this post, as it was in no way slandering anyone. *I wrote my feelings at the time of an upsetting incident. This is an unfair labor practice to discipline me for union activity.* (emphasis added). (Exh. 3, Plaintiff's Responses to Defendant Nikolai Vitti's Requests for Production of Documents, p. 9, Plaintiff's Rebuttal to Conference for the Record Report , ECF No. 23-4, PageID.317) (emphasis added).

7.  In support of her allegations that Defendant Vitti had knowledge of

3

her Facebook post, "[p]laintiff's allegation is based upon her belief." (Exh. 2, Plaintiff's Responses to Defendant DPSCD's First Set of Interrogatories and Requests to Produce, p. 5, #13, ECF No. 23-3, PageID.283).

8. Similarly, in support of her allegations that Defendant Vitti had knowledge of her Jewish religion, "[p]laintiff's allegation is based upon her belief." (Exh. 2, Plaintiff's Responses to Defendant DPSCD's First Set of Interrogatories and Requests to Produce, p. 5, #12, ECF No. 23-3, PageID.283).

9. Plaintiff has no facts in support of her claims for municipal liability against Defendant DPSCD. (Exh. 2, Plaintiff's Responses to Defendant DPSCD's First Set of Interrogatories and Requests to Produce, pp. 3-4,  Nos. 6, 7 8, 9, ECF No. 23-3, PageID.281-282).

## LAW AND ARGUMENT

### STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When reviewing the motion record, "[t]he court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine whether the evidence presents a sufficient

4

disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law.  *Alexander v. CareSource*, 576 F.3d 551, 557-

58 (6th Cir. 2009).

"[T]he party opposing the summary judgment motion must do more than

simply show that there is some 'metaphysical doubt as to the material facts.'"

*Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003.)

Instead, that party must designate specific facts in affidavits, depositions, or other

factual material showing "evidence on which the jury could reasonably find for" that

party.  *Anderson  v. Liberty Lobby*,  477 U.S. 242, 252 (1986).  If the non-moving

party, after sufficient opportunity for discovery, is unable to meet its burden of proof,

summary judgment is clearly proper.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-

23 (1986).

## ARGUMENT

**I.**    **Plaintiff cannot raise a genuine issue of material fact as to
a violation of her free speech under the First Amendment.**

A. Plaintiff cannot raise a question of fact as to individual liability.

To establish personal liability under  §1983, a plaintiff must show that each

defendant charged "caused the deprivation of a federal right." *Kentucky v. Graham*,

473 U.S. 159, 166 (1985).  See *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995)(personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Here, Plaintiff has insufficient evidence to raise a question of fact as to each individual Defendants specific conduct in violating her freedom of speech. Plaintiff admits that she is relying on her "belief" that Defendant Vitti even knew she posted the Facebook comment.  Further, Plaintiff cannot identify any evidence to establish that Defendant Vitti or Rendon engaged in any adverse, or retaliatory conduct in response the Facebook page.   Accordingly, under *Machulis,* summary judgment should be granted.

Even if  Plaintiff could establish personal involvement by Defendants, the evidence establishes that her Facebook post was not a matter of public concern entitled to First Amendment protection.

B. Plaintiff's speech does not relate to a matter of public concern.

The First Amendment does not "constitutionalize the employee grievance." *Connick v. Myers*, 461 U.S. 138, 154 (1983).   The issue of whether a plaintiff engaged in protected speech is a question of law for the court, and the employee bears the burden of proving his or her actions were constitutionally protected in the particular circumstances. *Jackson v. Leighton*, 168 F.3d 903, 909 (6th Cir. 1999).

6

To establish a First Amendment free speech claim,  a public employee must first show that she spoke as a citizen and her speech relates to a matter of public concern, defined as speech "relating to 'any matter of political, social, or other concern to the community.'" *Connick* at 146.  Generally, "speech involves matters of public concern when it involves issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." *Id.*  Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement. *Id.* at 147-148.  Bringing to light "potential or actual wrongdoing or a breach of the public trust" are generally matters of public concern.  *Id*. at 148.  However, a public employee's speech does not attain the status of public concern simply "because its subject matter could, in different circumstances, have been the topic of a communication to the public that might be of general interest." *Id*. at 148, n. 8.  The *Connick* Court cautioned that courts should not presume that any matters occurring in a government office are of a public concern merely because they involve the government.  *Id*. at 149.  "By contrast, a public employee's speech dealing with 'matters only of personal interest' is generally not afforded constitutional protection." *Id.* at 147. The Sixth Circuit has explicitly rejected the notion that "internal personnel disputes or complaints about an employer's performance"

7

constitute a matter of public concern.  *Brandenburg v. Hous. Auth. Of Irvine*, 253 F.3d 891, 898 (6th Cir. 2001).

Here, the evidence does not raise a question of material fact as to whether Plaintiff spoke on a matter of public concern.   Plaintiff does not seek to inform the public of any actual or potential wrongdoing by anyone.  Nor does Plaintiff set forth a breach of the public trust, or mismanagement of public resources.  Plaintiff does not comment on a lack of public safety or security in the school in general terms, nor does she  express the need for increased protection for employees at the school.  In fact, she admits this incident happened for the "first time in 20 years."

Instead, the evidence supports the conclusion that her comments are made in the context of her own personal encounter with one student.  Plaintiff expressly described the post as "I wrote my feelings at the time of an upsetting incident." Plaintiff does not complain of a lack of security for teachers in general, but rather focuses on herself when she stated, "not one person in admin came to me to ask me what happened or asked if I was okay."

Plaintiff complains that she was attacked, then expresses displeasure that administration disrespected her (*"expect respect?"*) through her use of a frowning emoji face.  The point of the post is clearly a complaint to fellow union members, wherein she is voicing her personal displeasure with the school administrators' lack

of attention to only herself following that encounter with the student.

The private nature of the complaint is further established when Plaintiff made statements emphasizing that she did not intend her complaint to be for the general public.  First, she posted, emphatically, on Facebook that she did not want to file a police report because  "it wasn't a painful hit."  Then, later, Plaintiff minimized the import of the Facebook post by highlighting the fact that her post didn't "state the principal's name, nor **did it mention my school's name."  Plaintiff** suggested that it wasn't public because "it was posted in a private DFT Union Facebook group, for member's only… and  [s]omeone took a screenshot of the post and sent it to my principal."  Finally, Plaintiff expressed that she shouldn't be disciplined because the posting was "for union activity."

The evidence permits only one conclusion: that Plaintiff's Facebook post was a personal grievance intended only for fellow DFT union members.  The evidence reflects speech that "relates primarily to a matter of 'limited public interest' and does not 'seek to bring to light actual or potential wrongdoing or breach of public trust,' centering instead on matters primarily … 'of personal interest' to the employee." *Brown v. City of Trenton*, 867 F.2d 318, 322 (6th Cir. 1989).  See also, *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020)(wherein the court affirmed the dismissal under Rule 12(b)(6) of a First Amendment free speech claim.  The court

held that the plaintiff Ryan failed to plausibly allege speech that was of a public concern.); *Barnes v. McDowell*, 848 F.2d 725, 735 (6th Cir. 1988)(summary judgment affirmed for Defendants where plaintiff "never presented the court with any evidence indicating a remote connection" between employer conduct and corruption, and concluding his complaints were nothing more than the examples of the quintessential employee beef; management has acted incompetently.).

Here, the evidence is undisputed that Plaintiff directs her speech internally, to union members only of an incident involving only herself, and the impact solely on herself.   Plaintiff complained to her fellow union members of her personal displeasure with how she alone was thereafter treated by their employer.

Accordingly, summary judgment should be granted.

## II.   <u>Defendants are protected by qualified immunity from the First Amendment free speech claim.</u>

Qualified immunity shields government officials from civil liability in the performance of their duties so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Getz v. Swoap*, 833 F. 3d 646 (6th Cir. 2016).  The defense of qualified immunity consists of two elements: (1) the facts alleged must make out the violation of a constitutional right; and (2) the right must have been clearly established at the

10

time of the alleged violation.  *Cunningham v. Shelby Cnty., Tennessee*, 994 F.3d 761, 764 (6th Cir. 2021). The Court may take up the questions in either order.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To avoid dismissal based on qualified immunity "the plaintiff must allege facts that plausibly make out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time such that a reasonable [governmental employee] would have known that his conduct violated that right." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 898-99 (6th Cir. 2019).

Once raised, the plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity.  *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006).

Here, Plaintiff cannot overcome the defense of qualified immunity because her facts do not establish the violation of a constitutional right.  Plaintiff cannot establish a right to constitutional protection of her speech in the Facebook post because the speech does not amount to a matter of public concern.  See *Ryan v. Blackwell, supra*  (holding that because plaintiff professor failed to allege a violation of a clearly established constitutional right to free speech, he was not able to overcome qualified immunity).

11

Plaintiff cannot meet her burden to show Defendants are not entitled to qualified immunity.  Accordingly, qualified immunity provides a basis for dismissal with prejudice of Count II.

### III.   There is no genuine issue of material fact on the issue of a First Amendment free speech claims against DPSCD.

A municipality can be liable under Section 1983 only if there is some underlying constitutional violation for which it could be held responsible. *Stiles ex rel. D.S. v. Grainger Cty., Tenn*., 819 F.3d 834, 856 (6th Cir. 2016).

Here, Plaintiff has no evidence to establish an underlying constitutional violation of the First Amendment.  Plaintiff's interrogatory answers are no more than conclusions.   Plaintiff has no evidence of:  (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision-making authority that ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal civil rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Accordingly, all claims against DPSCD should be dismissed with prejudice. See, *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401–02 (6th Cir. 2016).

## RELIEF REQUESTED

Defendants respectfully request entry of an order granting summary

judgment as to all federal claims against all Defendants.


Respectfully submitted,


<u>s/Theophilus E. Clemons</u>
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
Detroit Public Schools
Office of the General Counsel
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527

June 23, 2023

## **Fact Appendix**

**Index**                                                                                                                        **Page**

(Exh. 1, Defendant DPSCD's Third Supplemental Response to Plaintiff's First Request to Admit, Interrogatories and Request to Produce Documents Served Upon Defendant DPSCD, p. 4)…………………………………………2

(Exh. 1, Defendant DPSCD's Third Supplemental Response to Plaintiff's First Request to Admit, Interrogatories and Request to Produce Documents Served Upon Defendant DPSCD,  p .5)…………………………………………2, 3

(Exh. 1, Defendant DPSCD's Third Supplemental Response to Plaintiff's First Request to Admit, Interrogatories and Request to Produce Documents Served Upon Defendant DPSCD,  p. 6)………………………………………   2

(Exh. 2, Plaintiff's Responses to Defendant DPSCD's First Set of Interrogatories and Requests to Produce, pp. 3-4,  Nos. 6, 7 8, 9, ECF No. 23-3, PageID.281-282)…………………………………………………4

(Exh. 2, Plaintiff's Responses to Defendant DPSCD's First Set of Interrogatories and Requests to Produce, p. 5, #12, ECF No. 23-3, PageID.283)…………………………………………………………………4

(Exh. 2, Plaintiff's Responses to Defendant DPSCD's First Set of Interrogatories and Requests to Produce, p. 5, #13, ECF No. 23-3, PageID.283)………………………………………………………………..  4

(Exh. 3, Plaintiff's Responses to Defendant Nikolai Vitti's Requests for Production of Documents, p. 9, Plaintiff's Rebuttal to Conference for the Record Report , ECF No. 23-4, PageID.317) …………………………………3

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2023, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send

notification of such filing to all counsel of record.

<div style="margin-left: 40%;">
<u>s/Theophilus E. Clemons</u><br>
THEOPHILUS E. CLEMONS (P47991)<br>
Counsel for Defendants<br>
Detroit Public Schools Community District<br>
Office of the General Counsel<br>
3011 West Grand Blvd., Ste. 1002<br>
Detroit, MI. 48202<br>
(313) 873-4527<br>
theophilus.clemons@detroitk12.org
</div>