UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MEREDITH SUMMER, | Case No. 21-12936 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| DETROIT PUBLIC SCHOOLS COMMUNIZTY DISTRICT, NIKOLAI VITTI, and ADRIANA RENDON, Individually and in their official capacities, | |
| Defendants. | |
| _____ / | |

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO DENY AND STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 78)**

This case is before the court on Plaintiff's emergency motion to deny and strike Defendants' motion for summary judgment. (ECF No. 78). Plaintiff argues "Defendants never sought concurrence *prior* to filing Defendants' motion for summary judgment" and have "fail[ed] or refus[ed] to comply with the mandatory requirements of LR 7.1(a)."[1] *Id.*, PageID.913 (emphasis in original). Eastern District of Michigan Local Rule 7.1(a) requires, in part:

---

[1] As of the time this order was issued, Defendants had not yet filed an answer to Plaintiff's motion, which was filed at approximately 12:30am on December 6, 2023. However, given the time-sensitive nature of this motion, especially with the hearing now less than a week away, the court will issue a decision without a full briefing schedule. *See Shipes v. Amurcon*

1

>   (1) Before filing a motion related to discovery, the movant must comply with Federal Rule of Civil Procedure 37(a)(1).  Otherwise, the movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter…
>
>   (2) If concurrence is not obtained, the motion or request must state:
>
>   >   (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
>   >   …

E.D. Mich. LR 7.1(a).

Defendants' motion for summary judgment includes the following language in its opening paragraph: "Concurrence in this motion was denied on June 19, 2023. LR 7.1."  (ECF No. 51, PageID.555).  In support of the present motion, Plaintiff submitted a copy of the email allegedly sent by Defense counsel to

---

*Corp.*, No. 10-14943, 2011 WL 3862367, at *1 (E.D. Mich. Sept. 1, 2011) (issuing decision on emergency motion prior to a response being filed given the time-sensitive nature, "subject to further possible motion practice.").

Plaintiff's counsel on June 19, 2023 at 9:28am. (ECF No. 78-1). The email states, in part: "Dear Mr. Martin: Pursuant to LR Rule 7.1 I am seeking concurrence in Defendants Motion to Dismiss." *Id.* Notably, this email does not affirmatively request concurrence with Defendants' motion for summary judgment, just Defendants' motion to dismiss.[2] *Id.* Further, the language of this email does not appear to seek concurrence "in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention." E.D. Mich. LR 7.1(a). Considering only Plaintiff's arguments made in this motion and the text of the relevant email, the court agrees that Defendants have failed to meet the full requirements of Local Rule 7.1(a).

Despite Defendants' failure to fully comply with this rule, the court does not agree that their motion for summary judgment must be denied at this stage in the proceedings. Judges in this district have recognized that "[f]ailure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested." *All About Chores LLC v. Lyon*, No. 18-CV-12000, 2019 WL 2590750, at *1 (E.D. Mich. June 25, 2019) (citing *U.S. v. Ramesh*, No. 02-80756,

---

[2] Defendants' motion to dismiss was filed on June 19, 2023 (ECF No. 50), and Defendants' motion for summary judgment was filed on June 23, 2023 (ECF No. 51).

3

2009 WL 817549, at *6 (E.D. Mich. March 26, 2009); *Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451 (E.D Mich. July 27, 2012)). However, it has also been recognized that "Local Rule 7.1(a) was 'designed to streamline litigation, reduce unnecessary costs, and narrow issues.'" *Id.* Waiting to address Defendants' failure to seek concurrence until the filing of an emergency motion seven days prior to the scheduled hearing, almost six months after the motion was initially filed, will not streamline the litigation, reduce unnecessary costs, or narrow the relevant issues. This is especially true where Plaintiff has not argued she would have given the requested concurrence or has been prejudiced by Defendants' failure to follow the rule in any way. *See Jarvis v. Cooper*, No. 12-CV-11804, 2013 WL 1289272, at *9 (E.D. Mich. Mar. 28, 2013) ("Jarvis has not shown that she was prejudiced by the Oakland County Defendants' failure to call to seek concurrence."); *Tuttle v. Land*, No. 10-11221, 2010 WL 2232210, at *4 (E.D. Mich. May 27, 2010) (refusing request to deny motion for failure to comply with LR 7.1(a) because "Plaintiff would not have concurred in the relief requested, and it is doubtful that Defendants would not have filed the present motion after hearing Plaintiff's 'grounds of opposition.'"). The court seeks, to the furthest extent possible, to decide Defendants' motions on the merits, rather than denying them based on a technicality. The parties have likely started to prepare for the hearing

4

next week, which was noticed on September 5, 2023. (ECF No. 70). As such, while the court certainly does not approve of Defendants' tactics to obtain concurrence, it would be unduly prejudicial for all parties involved if the court were to strike Defendants' motion at this stage for failure to seek concurrence.[3]

Finally, to the extent Plaintiff argues that Defendants' motion for summary judgment is also "inappropriate" because "the moving party has suppressed and prevented full development of the legal and factual issues involved in this litigation," the court has held a number of status conferences with the parties on this very issue. (*See* ECF No. 66, 68). The court also afforded the parties an opportunity to complete the required depositions in an order filed on August 30, 2023. (*See* ECF No. 67) ("The parties have until September 29, 2023, to depose Plaintiff and the four individuals whose depositions were noticed on June 20,

---

[3] The court further notes that this case is unlike the many cases in which the court itself could have acted to strike or deny a party's motion for failure to seek concurrence in accordance with the rules. *See Tubbs Bros. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451, at *1 (E.D. Mich. July 27, 2012) (denying motion where "defendant did not state in its motion whether defendant's counsel sought concurrence in the relief requested from counsel for the plaintiffs before filing the motion."); *Little Caesar Enterprises, Inc. v. Divine Com. Enterprises, Inc.*, No. 11-13163, 2011 WL 3235475, at *1 (E.D. Mich. July 28, 2011) (denying Plaintiff's motion where it merely indicated "[d]ue to the Defendants' current noncompliance with the Notice of Termination and the early procedural posture of this case, Little Caesar was unable to conduct a conference seeking concurrence."). Defendants' motion stated that concurrence was sought on June 19, 2023, and the court had no reason to believe that statement was not fully accurate at the time of filing.

2023: Nidia Ashby, Ricardo Salazar, Adriana Rendon, and Nikolai Vitti."). While the court recognizes that these depositions had not been completed as of the date Defendants' motion for summary judgment was filed, the depositions have since been completed. The court also gave the parties an additional opportunity to file either an amended motion or supplemental briefs after the completion of these depositions and "to the extent [the court's November 8, 2023 order] denying Plaintiff's motion for leave to amend impacts the arguments made in Defendants' pending motion to dismiss [] and motion for summary judgment []." *Id.* Neither party filed an amended motion or supplemental brief.

For the reasons stated above, and consistent with the court's broad discretion to manage its docket, the court **DENIES** Plaintiff's emergency motion to strike Defendants' motion for summary judgment. (ECF No. 78); *see also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The court will proceed with the scheduled hearing on Defendants' motion to dismiss (ECF No. 50) and motion for summary judgment (ECF No. 51) on December 13, 2023 at 2:00pm.

**SO ORDERED**.

Date: December 6, 2023                    s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge

6