# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MEREDITH SUMMER,

      Plaintiff,

v.

DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT,
NIKOLAI VITTI, and ADRIANA RENDON,
Individually and in their official capacities,

      Defendants.

U.S. District Court
Case No. 2:21-cv-12936
Hon. Judge F. Kay Behm

| | |
|---|---|
| Law Offices of Dewey Rick Martin<br>D. RICK MARTIN (P42484)<br>Counsel for Plaintiff<br>13900 Woodward Avenue<br>Highland Park, MI. 48203<br>drickmartin@glottaassociates.com | DETROIT PUBLIC SCHOOLS<br>COMMUNITY DISTRCT<br>OFFICE OF THE GENERAL<br>COUNSEL<br>Theophilus E. Clemons (P47991)<br>theophilus.clemons@detroitk12.org<br>Jenice C. Mitchell Ford (P61511)<br>jenicemitchellford@detroitk12.org<br>3011 West Grand Blvd., Ste. 1002<br>Detroit, Michigan 48202<br>(313) 873-4527 (Telephone)<br>(313) 873-4564 (Facsimile)<br>Counsel for Defendant Detroit<br>Public Schools Community District,<br>Nikolai Vitti and Adriana Rendon |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR SANCTIONS

## **Issue Presented**

Whether Defendants were required to withdraw their two dispositive motions, filed under Rule 12(c) and Rule 56 (c) based solely on the testimony of Defendants Vitti and Rendon, and witnesses Salazar and Ashby.

Defendants say:   No

## Controlling Authority

### Caselaw

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

*Connick v Myer*, 461 U.S. 138, 148 (1983)

*King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023).

*Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971)

### Court Rules

Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 56

## I. INTRODUCTION

Plaintiff argues that "based upon the testimony of Defendants Vitti, Rendon, Ashby and Salazar, Defense counsel was required under Rule 11 to withdraw his pending motions seeking the dismissal of Plaintiff's first amendment retaliation claim on the grounds that Plaintiff's union Facebook post was not a matter of public concern." (ECF No. 8, PageID. 1001). Plaintiff argues that Defense counsel violated Rule 11 by failing to withdraw the two dispositive motions after the witnesses testified that school violence is a matter of public concern.

Under settled law, Plaintiff's motion should be denied.

## II. ARGUMENT

### A. Defendants' Rule 12(c) Motion Is Not Obviously Without Merit

A legal contention is frivolous if it is "obviously without merit" under existing law and unsupported by a good-faith argument to change or extend the law. Fed. R. Civ. P. 11(b)(2). *King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023).

The question under Rule 12(b)(6) is not whether violence in schools is a public concern, but rather whether Plaintiff pleaded sufficient "factual matter" in the complaint to raise a "plausible" inference of a constitutional violation by Defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A motion under Rule 12(b)(6) is directed *solely* to a complaint itself. *Sims v. Mercy Hosp.*, 451 F.2d 171,

173 (6th Cir. 1971)(emphasis added). The "legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same." *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007)

Here, Defendants argued that Plaintiff failed to plead facts sufficient to support a plausible claim that her speech was a matter of public concern. The law is clear that failure to so plead can subject a Free Speech claim to dismissal. The U.S. Supreme Court has held that when a public employee speaks upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior. *Connick v Myer*, 461 U.S. 138, 148 (1983).

The Sixth Circuit has held that speech that amounts to "the quintessential employee beef: management has acted incompetently" do not involve matters of public concern. *Barnes v. McDowell,* 848 F.2d 725, 735 (6th Cir. 1998). **Similarly,** speech about "internal personnel disputes or complaint about an employer's performance" generally does not involve matters of public concern. *Brandenburg v. Hous. Auth. Of Irvine*, 253 F.3d 891, 898 (6th Cir. 2001). Thus, in *Ryan v. Blackwell*, 979 F.3d 519 (6th Cir. 2020), the court affirmed dismissal of a free speech claim pursuant to Rule 12(b)(6)("The district court correctly dismissed this claim because

even taking the facts of the complaint as true, Ryan does not allege facts from which the court could plausibly infer that his speech involved a matter of public concern, and therefore Ryan has failed to state a claim for First Amendment retaliation").

The foregoing existing law provided a basis for Defendants' Rule 12(c) motion. Because Defendants' Rule 12(c) motion to dismiss focused only on the insufficiency of Plaintiff's own factual allegations in the complaint, and such a motion is determined solely by the content of the complaint itself, subsequent testimony by Vitti, Rendon, Ashby and Salazar cannot render the defense of failure to state a claim to be "obviously without merit."

Accordingly, Plaintiff's argument here must fail.

### **B. Defendants' Rule 56(c) Motion Is Not Obviously Without Merit**

Plaintiff's argument here fails because it focuses solely on the testimony of Defendants Vitti and Rendon, and witnesses Ashby and Salazar. Plaintiff's argument incorrectly disregards her Facebook post itself, and Plaintiff's statements regarding the Facebook post.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all reasonable inferences in favor of the non-

3

moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The party bringing the summary judgment motion must inform the court of the basis for its motion and identify portions of the record that demonstrate that no material facts are genuinely in dispute. *Alexander*, 576 F.3d at 558. "Once that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). "[T]he party opposing the summary judgment motion must do more than simply show that there is some 'metaphysical doubt as to the material facts.'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003). Instead, that party must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for" that party. *Anderson*, 477 U.S. at 252. When challenged, the party who bears the burden of proof must present a jury

4

question as to each element of its claims. *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000). Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895 (6th Cir. 1991).

Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of the employee's statement. *Connick v. Myer,* 461 U.S. 138, 147-148 (1983). Speech that amounts to "the quintessential employee beef: management has acted incompetently" do not involve matters of public concern. *Barnes v. McDowell,* 848 F.2d 725, 735 (6th Cir. 1998). Similarly, speech about "internal personnel disputes or complaint about an employer's performance" generally does not involve matters of public concern. *Brandenburg v. Hous. Auth. Of Irvine*, 253 F.3d 891, 898 (6th Cir. 2001).

Accordingly, in the Rule 56(c) motion (ECF #51), Defendants cited to Plaintiff's Facebook post and her statements about it to establish her speech did not involve a matter of public concern, but rather was a personal complaint about her supervisor Defendant Rendon: Plaintiff expressly described the post as "*I* wrote *my feelings* at the time of an upsetting incident." Plaintiff focused on herself when she stated, "not one person in admin came *to me to ask me* what happened or asked *if I was okay*." Plaintiff stated this had never happened to her "in 20 years." Plaintiff

5

expressed her displeasure that administration disrespected her (*"expect respect?"*) through her use of a frowning emoji face. Plaintiff stated she did not want to file a police report because "it wasn't a painful hit." Plaintiff minimized the import of the Facebook post by highlighting the fact that her post didn't "state the principal's name, nor did it mention my school's name." Plaintiff suggested the Facebook post wasn't for the public because "it was posted in a private DFT Union Facebook group, for member's only… and [s]omeone took a screenshot of the post and sent it to my principal." Finally, Plaintiff expressed that *she* shouldn't be disciplined because the posting was "for union activity."

The foregoing caselaw makes clear that the determination of Defendants' Rule 56(c) motion includes, among other materials, review of Plaintiff's Facebook post and her own statements regarding the post to determine whether her speech was on a matter of public concern. Plaintiff incorrectly focuses on the Defendants testimony only, while ignoring the content of Plaintiff's Facebook post and her accompanying statements. See *McComas v. Bd. of Educ., Rock Hill Local School Dist.*, 422 Fed. Appx. 462, 467 (6th Cir. 2011)(questionnaire developed by public school teacher about a student's activities, including information about student bringing a knife to school and asking about the student cutting herself, was not

6

speech on a matter of public concern especially because much of the questionnaire related to a student's medical health).

Based on the foregoing, Plaintiff's motion should be denied.

Respectfully submitted,

s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P47991)
Counsel for Defendants
Detroit Public Schools Community District
Office of the General Counsel
3011 West Grand Blvd., Ste. 1002
Detroit, MI. 48202
(313) 873-4527
theophilus.clemons@detroitk12.org
