# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISVISION

MEREDITH SUMMER

Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT, NIKOLAI, VITTI, individually and ADRIANA RENDON, individually

Defendants.

Case No.: 2:21-CV-12936

Hon. F. Kay Behm
United States District Judge

Hon. David R. Grand
U.S. Magistrate Judge

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

## Issue Presented

Where all the evidence established that violence in the classroom is both a matter of public concern, and a direct concern of the Teaching profession, were Defendants constrained under Rule 11 to withdraw two dispositive motions that lacked evidentiary support?

Plaintiff respectfully states the answer is: "Yes"

3

# Controlling Authorities

**Cases**
*Riddler v. City of Springfield,* 109 F.3d 288 (6th Cir. 1997)..........................5

**Court Rules**
Fed. R. Civ. P. Rule 11.................................................................4

**Stautes**
MCL. Section 380.1311................................................................4

## PLAINTIFF'S REPLY

The Defendants have now provided a Response (ECF No. 87) to Plaintiff's motions for sanctions pursuant to Federal Rule of Civil Procedures Rule 11. (ECF No. 81) It appears that Defense counsel is stuck on believing that Plaintiff's Facebook post on violence in her classroom was "personal" and therefore, 'not a matter of public concern." The belief is held stubbornly in spite of all the evidence to the contrary. Hopefully, that belief is honestly held and would, therefore, explain Defense counsel's refusal to withdraw the dispositive motions now pending.

The essence of Meredith Summer's Facebook post to fellow DFT union members is that she was subjected to violence by a student while teaching in her classroom, and did not receive an appropriate professional response to the problem.

Violence in the classroom is, on its face, a matter of *urgent* public concern, and all of the witnesses, including, Defendants *themselves* recognized such. The learning and educational process, above all else requires a peaceful, healthy, safe and necessarily comfortable environment. Teachers represent the professional base for a civilized society, and protection of their professionalism is of utmost importance. It is never a matter of simply "personal" concern.

Again, all the evidence established *both* that the problem of "violence in the classroom" is a matter of public concern, and that the professionalism of teachers

is undermined when teachers are not protected. A violent physical assault upon a teacher in her classroom, is not, and never will be simply a "personal" matter. (Ex. 1, Revised School Code, Section 380.1311)

Unfortunately, Defense counsel cannot comprehend the magnitude of the problem of violence in the classroom. Otherwise, Defendants would have never filed the motions, and certainly, would have withdrawn them when given the opportunity to do during the 21-day "Safe Harbor Period." *Riddler v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997)

The appropriate sanction will be fashioned by the Court, not only, to avoid an unnecessary punishment, but also, to protect the professionalism required to properly administer justice.

                                            Respectfully submitted,

                                By: /s/ *D. Rick Martin*
                                   D. RICK MARTIN (P42484)
                                   13900 Woodward Ave.
                                   Highland Park, MI 48203
                                   (313) 963-1320
                                   Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on **December 22, 2023**, he caused to be served a copy of **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**; this Certificate of Service upon counsel for Defendants via email.

Respectfully submitted:

By: *D. Rick Martin* (P42484)
    DEWEY RICK MARTIN
    13900 Woodward Ave.
    Highland Park, MI 48230
    (248) 872-7907
    Attorney for Plaintiff
    drickmartin@glottaassociates.com